**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00303-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. TRACY MORGAN,
   a/k/a "Tre Dog",
2. KILLIU FORD,
   a/k/a "Caveman", and
3. AUGUSTUS SANFORD,
   a/k/a "Turk".

        Defendants.

## PROTECTIVE ORDER

**Blackburn, J.**

The matter is before me on the **Government's Unopposed Motion for a Protective Order** [#144][1] filed May 22, 2012. The Court, having considered the motion and applicable law, makes the following findings of fact:

1. The material to be produced includes identifying information of the four victims in this case, as well as identifying information of several civilian witnesses. Family members and associates of the defendants, including the unindicted co-conspirators who helped carry out the violent crime charged in this case, are residing near some of the witnesses. Additionally, some of the materials are under seal (plea agreements) as

---

[1] "[#144]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

a result of the safety risk posed to cooperating inmates in the prison system. Dissemination of these materials beyond the defense in preparation for trial could expose many witness to the threat of bodily harm and/or intimidation.

2.  The government requests entry of a protective order implementing the mechanisms stated below prior to the release of the records detailed above.

3.  Counsel for the defendants have no objection to this protective order.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Government's Unopposed Motion for a Protective Order** [#144] filed May 22, 2012, is **GRANTED**;

2.  That the government will provide defense counsel with a copy of the records on a separate compact disc, and defense counsel shall keep the records and any notes or other materials prepared based upon or referring to information in these records in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose;

3.  That the records may be viewed only by defense counsel, the defendant, and members of the defense team, including any defense investigators and staff, as are necessary for the purposes of preparing a defense in this particular case, and, with respect to staff personnel, the records may only be viewed by necessary staff while they are operating under the direct supervision and control of defense counsel, and defense counsel shall ensure that all persons in his office, who are to handle such information, read this Order and are informed of their responsibility to safeguard this information;

4. That defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case; defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery; defense counsel shall also deliver a copy of this order with the materials; and no person other than defense counsel shall make any copy of these materials for any purpose whatsoever;

5. That no copies of the records shall be provided to the defendant under any circumstances without motion and further order of the Court; however, the defendant may be allowed to view the documents, but only while in the direct presence of the defense counsel or his representative;

6. That a copy of this Order shall be kept with the records at all times; and

7. That at the conclusion of the case in this court, by entry of the Court's judgment, counsel within ten days shall collect all such copies and return them to the government.

Dated May 22, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge